# EXHIBIT A

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

WILLIE LEWIS,

       Plaintiff,

v.

MICHAEL RUDZINSKI, VERSPEETEN
CARTAGE LTD., and LANCER
INSURANCE COMPANY,

       Defendants.

CASE NO. 19-    -NI

HON.

---

MICHAEL J. ROTHSTEIN (P70240)
LAWRENCE R. ROTHSTEIN (P19697)
ROTHSTEIN LAW GROUP PLC
Attorneys for Plaintiff
19068 W. Ten Mile Road
Southfield, MI 48075
(248) 355-2048/ (248) 355-2079 *fax*
mjr@rothsteinlawgroup.com
lrr@rothsteinlawgroup.com

---

There is no other pending or resolved civil action arising out of
the same transaction or occurrence as alleged in this Complaint.

      /s/ Michael J. Rothstein
      MICHAEL J. ROTHSTEIN (P70240)

**COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff herein, WILLIE LEWIS, by and through his attorneys, ROTHSTEIN LAW GROUP PLC, and in support of his Complaint against Defendants, MICHAEL RUDZINSKI, VERSPEETEN CARTAGE LTD., and LANCER INSURANCE COMPANY shows unto this Honorable Court as follows:

## GENERAL ALLEGATIONS

1.      That Plaintiff, WILLIE LEWIS, is a resident of the City of Detroit, County of Wayne, State of Michigan.

2.      That Defendants, LANCER INSURANCE COMPANY (hereinafter sometimes referred to as "LANCER" and/or "Defendant Insurance Company"), is an insurance company licensed to do business in the State of Michigan and, at all times relevant hereto, conducting business in the County of Wayne, State of Michigan.

3.      That based upon information and belief, Defendant, MICHAEL RUDZINSKI (hereinafter sometimes referred to as "Defendant-Driver") at all times relevant herein resided at 1019 Eagle Dr., London, ON N5Z3H4.

4.      That based upon information and belief, Defendant, VERSPEETEN CARTAGE LTD., (hereinafter sometimes referred to as "Defendant-Owner") at all times relevant herein had a business address of 274129 Wallace Line, Ingersoll, ON N5C3J7 and was conducting business in the County of Wayne, State of Michigan.

5.      That on or about March 12, 2018, Plaintiff was the driver of a certain 2007 Van Hool white bus bearing Michigan License Plate Number RB44766 and Vin Number YE2CC17B172047415 (hereinafter referred to as "Plaintiff's vehicle").

6.      That this case involves a motor vehicle accident which occurred on or about March 12, 2018, in the City of Monroe, County of Monroe, State of Michigan.

7.      That the amount in controversy herein exceeds the sum of Twenty-Five Thousand and 00/100 ($25,000.00) Dollars, exclusive of interest, costs, and attorney fees.

2

## COUNT I – NEGLIGENCE BY DEFENDANT, MICHAEL RUDZINSKI

8.      Plaintiff herein re-incorporates and re-alleges Paragraphs 1 through 7 of the General Allegations of this Complaint with the same force and effect as if same were set forth in full hereunder, and further states:

9.      That based upon information and belief, Defendant, MICHAEL RUDZINSKI, at all times relevant herein, was the operator of a motor vehicle identified by the UD-10 as a 2013 Volvo Semi bearing Ontario License Plate Number 6750PP and VIN of 4V4NC9EH2DN129502 (sometimes herein referred to as "Defendant's vehicle"), and was responsible for the use, operation, maintenance, and was in control of same at the time of the subject motor vehicle accident.

10.     That on or about March 12, 2018, Defendant-Driver was operating said vehicle when he rear-ended the left rear of Plaintiff's vehicle, causing a motor vehicle collision.

11.     That at all times relevant and material hereto, it was the duty of Defendant-Driver to operate said vehicle in a safe and reasonable manner and exercise such due care in such vehicle's operation as the rules of the common law require and in accordance with the laws of the State of Michigan and all subdivision thereof having jurisdiction.

12.     That, contrary to the duties set forth above and below, Defendant-Driver was negligent, careless, reckless, and guilty of willful and wanton disregard of the lives and safety of individuals such as Plaintiff in the operation of Defendant's motor vehicle, and further breached the aforesaid duties owed to Plaintiff, both statutory and common law, by way of illustration and not limitation:

        A.      Failing to operate his vehicle in a reasonably careful and prudent manner, and failing to keep his vehicle under control so as to avoid a collision;

3

B.   Driving his vehicle on the highway and/or roadway carelessly and heedlessly in willful disregard of the safety of others, without due caution and circumspection, so as to endanger persons and property;

C.   Failing to make reasonable and proper observations and draw reasonable and proper conclusions which were necessary at the time so as to avoid the motor vehicle accident with another vehicle;

D.   Operating his vehicle in a reckless manner without regard for the safety of others in violation of numerous Michigan Statutes;

E.   Failing to operate his vehicle at a safe speed which was reasonable and proper and within consideration for the then-existing conditions;

F.   Failing to yield to oncoming traffic;

G.   Failing to yield the right of way;

H.   Failing to stop within the assured clear distance ahead;

I.   Committing other acts and/or omissions which constitute breaches of duties owed Plaintiff with respect to the operation of a motor vehicle, which Plaintiff reserves the right to add at a later date.

13.   That in the happening of the aforesaid accident, Plaintiff herein was not negligent.

14.   That as a direct and proximate result of the aforementioned breaches of duties and negligence of Defendant-Driver, Plaintiff was caused to suffer severe, serious, painful, permanent, and/or disabling injuries, physical and/or psychological, including serious impairment(s) of body function(s) and/or permanent serious disfigurement.

15.   That as a direct and proximate result of the aforementioned negligence and breaches of duties of Defendant-Driver, Plaintiff herein was made to suffer serious and disabling injuries; including but not limited to injuries to his skeletal, nervous, cardiovascular and/or musculoskeletal

4

systems, and injuries to the muscles, tendons, ligaments, nerves, bones and tissues of her head, back, neck, shoulder(s) and/or other parts of his body and/or aggravation of pre-existing conditions as well as other serious and disabling injuries, the nature and extent of which are not completely known at this time.

16. That as a result of the aforesaid accident, Plaintiff suffered, and will continue to suffer, great pain, discomfort, embarrassment, mental anguish, psychological trauma, depression, gross anxiety, and inconvenience.

17. That prior to the accident, Plaintiff herein was in reasonably good health and was able to and did participate in most of the usual activities of life, but since said accident, Plaintiff has been under medical care and in a state of continued pain, stress, and discomfort, all preventing her from engaging in many of those activities she engaged in prior to the accident.

18. That as a direct and proximate result of the subject automobile accident, Plaintiff, was made to suffer serious and disabling injuries as hereinabove described.

19. That the aforesaid injuries and damages sustained by Plaintiff constitute a serious impairment of a body function(s) and/or serious permanent disfigurement.

20. That as a direct and proximate result of the motor vehicle accident and the injures Plaintiff sustained therein, Plaintiff has sought and obtained continued medical treatment and attention, including, but not limited to hospital, doctor, therapist, and/or nursing services, and will likely require medical treatment in the future.

WHEREFORE, Plaintiff herein, WILLIE LEWIS, prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendant, MICHAEL RUDZINSKI, in whatever amount Plaintiff is found to be entitled, together with interests, costs, and attorney fees.

## COUNT II – OWNERSHIP LIABILITY OF DEFENDANT, VERSPEETEN CARTAGE LTD.

21.    Plaintiff herein re-incorporates and re-alleges Paragraphs 1 through 20 of the Allegations of this Complaint with the same force and effect as if same were set forth in full hereunder, and further states

22.    That based upon information and belief, at all times relevant herein Defendant, VERSPEETEN CARTAGE LTD., was the sole and/or co-owner(s) of the vehicle that Defendant, MICHAEL RUDZINSKI, was operating at the time of the aforementioned motor vehicle accident.

23.    That Defendant, MICHAEL RUDZINSKI, was operating Defendant-Owner's vehicle with the full consent and knowledge of Defendant-Owner, VERSPEETEN CARTAGE LTD., and accordingly Defendant, VERSPEETEN CARTAGE LTD., is liable and responsible for all damages sustained by Plaintiff proximately caused by Defendant-Driver's negligence pursuant to MCL 257.401 et. seq., as amended, and other applicable statutes of the State of Michigan governing owner's liability for the negligent operation of motor vehicles and the common law of the State of Michigan.

WHEREFORE, Plaintiff herein, WILLIE LEWIS, prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendant, VERSPEETEN CARTAGE LTD., in whatever amount Plaintiff is found to be entitled, together with interests, costs, and attorney fees.

## COUNT III – NEGLIGENT ENTRUSTMENT AGAINST DEFENDANT, VERSPEETEN CARTAGE LTD.

24.    Plaintiff herein re-incorporates and re-alleges Paragraphs 1 through 23 of the Allegations of this Complaint with the same force and effect as if same were set forth in full hereunder, and further states:

25.    That on or about March 12, 2018, Defendant-Owner, VERSPEETEN CARTAGE LTD., entrusted Defendant's vehicle, a potentially dangerous instrumentality, to Defendant-

6

Driver, MICHAEL RUDZINSKI, whom based upon information and belief, Defendant-Owner, VERSPEETEN CARTAGE LTD., knew, or should have known, was not a reasonably prudent driver and who may endanger others with said instrumentality.

26.    Defendant-Owner VERSPEETEN CARTAGE LTD., is responsible for any and all damages sustained by Plaintiff in this matter as heretofore and hereinafter alleged which were caused as a result of the negligent operation of the said motor vehicle by Defendant-Driver, MICHAEL RUDZINSKI.

WHEREFORE, Plaintiff herein, WILLIE LEWIS, prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendant, VERSPEETEN CARTAGE LTD., in whatever amount Plaintiff is found to be entitled, together with interests, costs, and attorney fees.

### COUNT IV—RESPONDEAT SUPERIOR AS TO DEFENDANT, VERSPEETEN CARTAGE LTD.

27.    Plaintiff herein incorporates by reference and re-alleges Paragraphs 1 through 26 of the Allegations of this Complaint with the same force and effect as if same were set forth in full hereunder, and further state:

28.    That Defendant VERSPEETEN CARTAGE LTD., at all times relevant herein, is and was the owner of the subject van and responsible for the use, operation, maintenance, and was in control of same at the time of the subject motor vehicle accident.

29.    That on or about March 12, 2018, Defendant, MICHAEL RUDZINSKI, was an employee, servant and/or agent of said Defendant, VERSPEETEN CARTAGE LTD.

30.    That on or about March 12, 2018, and at the time of the aforesaid collision, Defendant, MICHAEL RUDZINSKI, was operating said motor vehicle with the express and/or implied consent of Defendant, VERSPEETEN CARTAGE LTD.

7

31.    That on or about March 12, 2018, VERSPEETEN CARTAGE LTD., knew or should have known that Defendant, MICHAEL RUDZINSKI was operating said motor vehicle.

32.    That on or about March 12, 2018, and at the time of the aforesaid accident, Defendant, MICHAEL RUDZINSKI, was operating said motor vehicle during the course of his employment for Defendant, VERSPEETEN CARTAGE LTD., and during the course of his regular duties for said Defendant.

33.    That Defendant, VERSPEETEN CARTAGE LTD. is liable for the injuries and damages sustained by Plaintiff as a result of the negligence of Defendant, MICHAEL RUDZINSKI, their servant, employee, and/or agent pursuant to the Doctrine of *Respondeat Superior*.

34.    That on or about March 12, 2018, Defendant VERSPEETEN CARTAGE LTD.'S agent and/or employee, while acting within the scope of her authority as a VERSPEETEN CARTAGE LTD. vehicle operator rear-ended Plaintiff's vehicle, causing a motor vehicle collision.

35.    That at all times relevant and material hereto, it was the duty of the VERSPEETEN CARTAGE LTD. and its employees and/or agents, to operate Defendant's vehicle in a safe and reasonable manner and exercise such due care in such vehicle's operation as the rules of common law require and in accordance with the laws of the State of Michigan and all subdivisions thereof having jurisdiction.

36.    That, contrary to the duties set forth above and below, the Defendant's employee and/or agent, was negligent, careless, reckless, and guilty of willful and wanton disregard of the lives and safety of individuals such as Plaintiffs in the operation of Defendant's motor vehicle, and further breached the aforesaid duties owed to Plaintiffs.

8

37.   That in the happening of the aforesaid accident, Plaintiff, was not negligent, but was at all times conducting herself in a reasonable and prudent manner.

38.   That as a direct and proximate result of the afore-stated breaches of duties and the negligence of the Defendant, the Defendant caused Plaintiff to suffer severe, serious, painful, permanent, and disabling injuries, and causing the Plaintiff to suffer serious impairments of important body function(s) and/or permanent and serious disfigurements as a result of the subject motor vehicle accident.

39.   That as a direct and proximate result of the aforementioned negligence and breaches of duties of Defendant, Plaintiff herein was made to suffer serious and disabling injuries; including but not limited to injuries to his skeletal, nervous, cardiovascular and/or musculoskeletal systems, and injuries to the muscles, tendons, ligaments, nerves, bones and tissues of her head, back, neck, shoulder(s) and/or other parts of his body, and/or aggravation of pre-existing conditions as well as other serious and disabling injuries, the nature and extent of which are not completely known at this time.

40.   That as a direct result of the aforesaid collision, the Plaintiff suffered, continues to suffer, and will continue to suffer great pain, discomfort, embarrassment, humiliation, mental anguish, depression, gross anxiety, indignity, and inconvenience.

41.   That prior to the accident, Plaintiff was in reasonably good health and was able to and did participate in and enjoy the usual activities of life, but since said accident, Plaintiff has been under medical care and in a state of pain, stress, and discomfort, all preventing him from engaging in many of those activities she engaged in prior to the accident.

42.   That as a direct and proximate result of the subject accident and the injuries Plaintiff sustained therein, Plaintiff has sought and obtained continued medical treatment and will likely require extensive medical treatment in the future.

9

WHEREFORE, Plaintiff herein, WILLIE LEWIS, prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendant, VERSPEETEN CARTAGE LTD., in whatever amount Plaintiff is found to be entitled, together with interests, costs, and attorney fees.

### COUNT V – CLAIM FOR NO-FAULT BENEFITS AGAINST DEFENDANT, LANCER INSURANCE COMPANY

43.     Plaintiff herein re-incorporates and re-alleges Paragraphs 1 through 42 of the General Allegations of this Complaint with the same force and effect as if same were set forth in full hereunder, and further states:

44.     That on or about March 12, 2018, Plaintiff was the operator of a vehicle that was insured by LANCER INSURANCE COMPANY, under the provisions of an insurance policy, which policy and/or coverage was then in effect under and in accordance with the provisions of MCLA 500.3101 et. seq. ("No-Fault Act").

45.     That under the terms and conditions of said policy, Defendant became obligated to pay to or on behalf of Plaintiff certain expenses or losses in the event Plaintiff sustained bodily injuries in an accident arising out of the ownership, operation, and maintenance or use of a motor vehicle as a motor vehicle.

46.     That on or about March 12, 2018, in the City of Monroe, County of Monroe, State of Michigan, Plaintiff was involved in a motor vehicle accident, as aforementioned, causing him to sustain certain bodily injuries, necessitating medical treatment and devices, attendant care, wage loss, replacement services, and/or other allowable expenses pursuant to the said policy of insurance within the meaning of the policy.

47.     That because of said motor vehicle accident, and subsequent thereto, Plaintiff incurred certain medical expenses, attendant care, wage loss, replacement services, and/or other

10

allowable expenses which Defendant, LANCER INSURANCE COMPANY, is obligated to pay under the terms of the said policy of insurance.

48.     That because of said motor vehicle accident, Plaintiff continues to incur medical expenses, attendant care, wage loss, replacement services, and/or other allowable expenses, which Defendant, LANCER INSURANCE COMPANY, is obligated to pay.

49.     That Plaintiff has timely filed an application for No-Fault benefits with Defendant, LANCER INSURANCE COMPANY, together with proof of expenses compensable under the No-Fault Act and Defendant's policy of No-Fault Insurance.

50.     That Defendant, LANCER INSURANCE COMPANY, has failed, neglected, refused and/or unreasonably delayed to pay certain No-Fault benefits which continue to accrue.

51.     That Defendant, LANCER INSURANCE COMPANY, has unreasonably refused to pay Plaintiff and/or has unreasonably delayed making proper payment to Plaintiff, in violation of MCLA 500.3148, and Defendant continues to do so.

WHEREFORE, Plaintiff herein, WILLIE LEWIS, prays that this Honorable Court grant judgment in favor of Plaintiff and against the Defendant, LANCER INSURANCE COMPANY, in an amount this Honorable Court deems Plaintiff is entitled for compensatory damages and further grant Plaintiff injunctive relief requiring Defendant to pay for those expenses incurred by Plaintiff or requiring authorization from Defendant during the pendency of this action and in addition thereto, interest, costs, penalties and Plaintiff's actual attorney fees as provided by statute.

ROTHSTEIN LAW GROUP PLC

/s/ Michael J. Rothstein
MICHAEL J. ROTHSTEIN (P70240)
Attorney for Plaintiff
19068 W. Ten Mile Road
Southfield, MI 48075
Dated: March 5, 2018                                         (248) 355-2048

11

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

WILLIE LEWIS,

       Plaintiff,

v.

MICHAEL RUDZINSKI, VERSPEETEN
CARTAGE LTD., and LANCER
INSURANCE COMPANY,

       Defendants.

CASE NO. 19-    -NI

HON.

---

MICHAEL J. ROTHSTEIN (P70240)
LAWRENCE R. ROTHSTEIN (P19697)
ROTHSTEIN LAW GROUP PLC
Attorneys for Plaintiff
19068 W. Ten Mile Road
Southfield, MI 48075
(248) 355-2048/ (248) 355-2079 *fax*
mjr@rothsteinlawgroup.com
lrr@rothsteinlawgroup.com

---

## **DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff herein, WILLIE LEWIS, by and through his attorneys, ROTHSTEIN LAW GROUP PLC, and hereby demands a trial by jury as to any and all issues so triable in the captioned matter.

Respectfully submitted,

ROTHSTEIN LAW GROUP PLC

/s/ Michael J. Rothstein
MICHAEL J. ROTHSTEIN (P70240)
Attorney for Plaintiff
19068 W. Ten Mile Road
Southfield, MI 48075
Dated: March 5, 2018       (248) 355-2048

12